IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Aldeandre Gray, | ) C/A No. 5:10-3047-CMC-KDW |
|---|---|
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Report and Recommendation |
| Officer Preilou; Sgt. Smith; Lt. Western; Capt. Higgins; Capt. Buffer; Director Myers, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, an inmate with the South Carolina Department of Corrections ("SCDC"), filed this 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights. This matter is before the court on the Motion for Summary Judgment filed by Defendants on September 19, 2011. ECF No. 57. As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on September 20, 2011, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 58. Plaintiff responded to Defendants' motion on November 23, 2011, and the Defendants replied on December 5, 2011 making this motion ripe for consideration. *See* ECF Nos. 65, 67. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because these motions are dispositive, a Report and Recommendation is entered for the court's review.

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

I. Background

Plaintiff Aldeandre Gray filed his initial Complaint on November 29, 2010 naming the Alvin S. Glenn Detention Center ("ASGDC") and Officer Preilou[2] as defendants. ECF No. 1. On January 18, 2011, the court dismissed Defendant ASGDC without prejudice and without issuance and service of process. ECF No. 15. Plaintiff submitted an Amended Complaint on February 11, 2011 adding additional Defendants Smith, Western, Higgins, Buffer, and Myers. ECF No. 19. In his Complaints, Plaintiff alleges that Defendants violated his Eighth and Fourteenth Amendment rights when Defendant Preilou called Plaintiff names, disrespected him and slammed Plaintiff's cell door flap on his hands and arms. ECF No. 19-2 at 3. Specifically, Plaintiff contends that on October 29, 2010 he was "staging[3] on the door flaps and while [Plaintiff] was staging Officer Preilou did start calling [Plaintiff] names and disrespecting [Plaintiff] with his words." *Id.* Plaintiff states that Defendant Preilou came to his door flap and "slammed it on [his] hands and arms/droping [sic] his body mass on to the flap as [Plaintiff's] hands and arms was jamed [sic] in the middle of the IRON FLAP and the steel door frame." *Id.* Plaintiff contends that Defendant Prioleau's actions caused him pain and suffering, and requests relief in the amount of $250,000 and for Defendant Prioleau to be criminally charged with assault. ECF. No. 19-2 at 2, 5.

II. Standard of Review

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See*

---

[2] The correct spelling of the defendant's name is Prioleau. *See* Prioleau Aff., ECF No. 57-2.
[3] "Staging" means placing your arms through the food flap in a prison cell door to prevent it from being closed. Smith Aff., ECF. No. 57-3 at 2. Nathaniel Smith is employed by Richland County as a correctional officer at ASGDC and has been with ASGDC for four years. *Id.* at 1.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence and arguments submitted, the undersigned recommends that Defendants' motion be granted, thus ending this case.

   III.   Analysis

Defendants contend that they are entitled to summary judgment on Plaintiff's claims because he has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e. ECF No. 57-1 at 3-4. Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001).

Those remedies "'need not meet federal standards', nor must they be 'plain, speedy, and effective.'" *Porter, 534 U.S.* at 524 (quoting *Booth*, 532 U.S. at 739). Further, pretrial detainees, which Plaintiff was at all times relevant to these claims, are required to exhaust administrative remedies. *See* 42 U.S.C.A. 1997e(h) (defining "prisoner" for PLRA purposes as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."); *see also Rutland v. Dewitt*, C/A No. 8:09-13-SB, 2010 WL 288217, *5 & n.1 (D.S.C. Jan. 25, 2010) (applying PLRA to pretrial detainee).

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[.]" *Woodford*, 548 U.S. at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

In his Amended Complaint, Plaintiff contends that he filed a grievance concerning his claims and that he received a "final agency/departmental/institutional answer" concerning this grievance. ECF No. 19-2 at 2. In support of this contention, Plaintiff offers an ASGDC Inmate Grievance dated 10/29/2010. ECF No. 19-2 at 8. In response to Plaintiff's contention that he exhausted his administrative remedies, Defendants offer the affidavit of Kathryn Harrell who is Assistant Director of ASGDC. ECF No. 57-6 at 1. Ms. Harrell attests that ASGDC has a grievance system that allows inmates to make written complaints regarding the facility or its operations. ECF No. 57-6 at 1. Ms. Harrell avers that she reviewed Plaintiff's file, which includes all his grievances, and Plaintiff's file contains only one grievance that references the allegations of Plaintiff's Amended Complaint. ECF. No. 57-6 at 2. Ms. Harrell explains that it is clear from the response to this grievance that Plaintiff filed his grievance through the mail, contrary to the grievance procedures at ASGDC. *Id.* Ms. Harrell states that "grievances are picked up from the units weekly and are to be handled at the lowest level possible. An inmate who forwards his grievance thought the mail attempts to bypass the procedure. Therefore, grievances received by mail are returned to the inmate." *Id.* Ms. Harrell concludes that Plaintiff did not follow ASGDC's grievance procedures. *Id.*

Plaintiff disputes his failure to exhaust his administrative remedies, arguing that he "will show that all proper grievance forms were filed both in [his] dorm and by mail." ECF No. 65 at 1. Plaintiff alleges that he has shown that he properly submitted his grievance forms to both his dorm officer and by mail with a proper response. ECF No. 65 at 4. However, Plaintiff has not offered any additional evidence to support his claim that he also submitted a grievance in his dorm as required and, therefore, is not able to overcome the undisputed evidence that Plaintiff

failed to exhaust his administrative remedies on his claims. *See Pozo,* 286 F.3d at 1024 (An inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983."); *see also Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir.1999) (An inmate incarcerated in a state prison must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983.) Accordingly, because Plaintiff failed to exhaust his available administrative remedies before filing this action, the undersigned recommends the court grant Defendants summary judgment.

IV. Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 57, be GRANTED, and that this case be dismissed.

IT IS SO RECOMMENDED.

June 29, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**